ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA    2010 MAY 13 PM 3: 37

DUBLIN DIVISION

| | |
|---|---|
| TYRONE LUCHIE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CV 310-003 |
| ) | |
| THURBERT E. BAKER, Attorney General ) | |
| for the State of Georgia,[1] ) | |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, an inmate at Dodge State Prison in Chester, Georgia, when he commenced this action, filed a habeas corpus petition ostensibly pursuant to 28 U.S.C. § 2241.[2] As explained below, the nature of the petition was unclear at the time it was filed, and accordingly, on March 4, 2010, the Court directed the State to provide the Court with further information about the facts alleged in the petition. (See doc. no. 6). The State has filed two

---

[1] The Court is aware that Petitioner originally named Hugh Smith, Warden of Dodge State Prison, as the Respondent in this case. However, as explained in further detail below, Petitioner has been released from incarceration and is currently on parole. (See doc. no. 8). Accordingly, Hugh Smith is no longer the proper Respondent in this action, as he is not Petitioner's current immediate custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Therefore, pursuant to Rule 2(b) of the Rules Governing Section 2254 Cases (which apply to § 2241 cases through Rule 1(b) of the Rules Governing Section 2254 Cases), the **CLERK** is **DIRECTED** to substitute Thurbert E. Baker, Attorney General for the State of Georgia, as the Respondent in this action.

[2] Petitioner originally filed his petition in the United States District Court for the District of Columbia. However, the Honorable Emmet G. Sullivan, United States District Judge, transferred the petition to this Court. (See doc. no. 3).

responses to the Court's Order. (See doc. nos. 7, 8). For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

## I. BACKGROUND

As noted above, the nature of Petitioner's challenges were unclear from the face of the petition when it was filed. Indeed, in the petition, Petitioner took issue with charges brought against him in Sumter County, Georgia, in 2007 and 2008, on which he stated that he had not yet been arraigned. (See doc. no. 1, p. 2). Petitioner also alleged that the indictments pending in those cases were "false/fraudulent," that the arraignments, preliminary hearings, and commitment hearings in those cases were waived without his consent, and that he received ineffective assistance of counsel. (Id. at 5-6). However, at the time he filed the petition, Petitioner was incarcerated at a state prison. Thus, it was unclear whether Petitioner was challenging the detainer he states was imposed on him as a result of the Sumter County charges, or whether his parole was revoked because of those charges (prompting a return to state prison) and he was challenging the decision to revoke his parole. Accordingly, as noted above, the Court directed the State to provide further information regarding (1) the reasons for Petitioner's current incarceration, (2) whether any detainers had been lodged against Petitioner, and (3) the nature of any outstanding indictments against Petitioner and the status of any proceedings based on those indictments. (See doc. no. 6).

The State's responses have clarified the events leading up to the filing of the instant petition and the events that have occurred subsequent to Petitioner's filing. Specifically, the State has informed the Court that Petitioner was previously convicted of theft by deception

2

and was granted parole in July 2007. (Doc. no. 7, Ex. A). Petitioner's parole was later revoked in January 2008 by the State Board of Pardons and Paroles ("the Board") when Petitioner violated his parole. (Id., Ex. B). Specifically, the Board revoked Petitioner's parole because it found, *inter alia*, that Petitioner had committed the offense of financial transaction card forgery and financial transaction card fraud in Crisp County, Georgia, shortly after being granted parole. (See id.). Notably, at the time Petitioner's parole was revoked, there was also an indictment pending against him in Sumter County, Georgia, in Case No. 07-CR-448, on the charges of receiving stolen property and first degree forgery. (Id., Ex. E; see also doc. no. 1, p. 2). After Petitioner's parole was revoked, a grand jury in Sumter County issued another indictment against him in Case No. 08-CR-90 for financial transaction card fraud, alleging that such offense had been committed while Petitioner was on parole. (Doc. no. 7, Ex. G; see also doc. no. 1, p. 2). The State has also reported that Sumter County lodged two detainers against Petitioner to secure his production in Superior Court of Sumter County "to answer and dispose of the Sumter County cases . . . ." (Doc. no. 7, p. 3 & Ex. C).

That said, the State's response to the Court's March 4th Order indicates that the state of Petitioner's cases in Sumter County have changed significantly since he filed the instant petition. Indeed, the State has informed the Court that in January 2010, Petitioner pled guilty to the charge of financial transaction card fraud in 08-CR-90 and that an order of *nolle prosequi* was entered in 07-CR-448 as part of the plea agreement entered in 08-CR-90. (Doc. no. 7, p. 4, Exs. F & G). The State has also informed the Court that following his guilty plea, Petitioner was granted a conditional transfer release by the Board and was

3

transferred to the Sumter County Jail. (Doc. no. 7, Ex. D). Petitioner was later released on parole and is currently residing in Fulton County, Georgia. (Doc. no. 8, pp. 1-2). The State also reports that "to the best [it] can determine," Petitioner has not filed a state habeas petition challenging his Sumter County conviction. (Id. at 4).

## II. DISCUSSION

To the extent Petitioner is seeking to challenge the revocation of his parole based on the Sumter County charges, the Court notes that the documentation provided by the State demonstrates that Petitioner's prior parole was not revoked because of these charges. Rather, his parole was revoked pursuant to separate charges brought in Crisp County, Georgia. (See doc. no. 7, Ex. B). However, any challenge that Petitioner may be attempting to assert to the revocation of his parole in January 2008 is moot since Petitioner has been paroled, and this challenge no longer presents a case or controversy. See Spencer v. Kemna, 523 U.S. 1, 14-16 (1998) (holding that habeas corpus challenge to parole revocation was mooted by release because there was no continuing controversy).

The Court next turns to Petitioner's challenges to the detainers that he states were lodged against him because of the Sumter County charges. As noted above, Sumter County did lodge two detainers against Petitioner to secure his production in the Superior Court of Sumter County "to answer and dispose of the Sumter County cases . . . ." (Doc. no. 7, p. 3 & Ex. C). However, the Sumter County cases have now been disposed of, and thus, the two detainers that were issued are no longer in effect. Accordingly, Petitioner's challenges to the detainers previously lodged against him are now moot. See Byrd v. Martin, 754 F.2d 963, 964 n.3 (11th Cir. 1985) (*per curiam*) (noting with approval the lower court's decision to

4

dismiss a federal habeas petition challenging state detainer because the petition was moot once the petitioner had pled guilty and "the detainer was no longer in effect"); see also Lackey v. Alabama, 434 F.2d 224, 224 (5th Cir. 1970)³ (*per curiam*) (dismissing appeal challenging state detainers as moot where the petitioner had subsequently pled guilty to one of the challenged indictments, the other was *nolle prosequied*, and the state held no other detainers against the petitioner).

Finally, the Court turns to Petitioner's challenges to the nature of the indictments in the Sumter County cases, the alleged non-consensual waiver of the arraignments and other hearings in those cases, and the performance of counsel. As noted above, Petitioner has pled guilty to the charge brought in 08-CR-90, and the other case has been *nolle prosequied*. Accordingly, these challenges have been waived and therefore may not be brought in this petition. See Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense . . . , he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); Martin v. Kemp, 760 F.2d 1244, 1246-47 (11th Cir. 1985) (citations omitted) (noting the general rule that "[a] defendant who knowingly and voluntarily enters a plea of guilty waives all nonjurisdictional challenges to his conviction.").

Furthermore, the Court notes that all "habeas corpus actions require a petitioner fully to exhaust state remedies." Wilkinson v. Dotson, 544 U.S. 74, 79 (2005). Indeed, the

---

³In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

5

exhaustion doctrine, "first announced" in Ex parte Royall, 117 U.S. 241 (1886), requires the petitioner to "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) (§ 2254 case). The Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a "fair opportunity" to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). In order to afford the state courts this "full and fair opportunity" to address his claims, a habeas petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845.

Here, Petitioner alleges that he filed a motion in the Superior Court of Sumter County challenging the Sumter County charges, which was denied. (See doc. no. 1, p. 3). Petitioner also makes reference to a motion for reconsideration. (See id. at 5). However, these actions all allegedly occurred prior to the entry of Petitioner's guilty plea. In any event, these allegations do not establish that Petitioner has exhausted his state court remedies, as there is no suggestion that Petitioner has appealed any adverse decision, much less completed the appellate review process. Thus, even if Petitioner had not pled guilty (and thereby waived these challenges), these claims would still be subject to dismissal for failure to exhaust state court remedies.[4]

---

[4]It is also worth noting that in addition to failing to notify the Court of his new address after he was paroled, Petitioner has also failed to file a reply to the State's responses to the Court's March 4th Order, even though he was served with the responses at his new address. (See doc. no. 7, p. 6, doc. no. 8, p. 7).

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this /31st day of May, 2010, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE